The next case is Tiffany M. Campbell versus the Secretary of Veterans Affairs, 2025, 1374. Mr. Duquez, when you are ready. Thank you, Your Honor. May it please the Court. Kennedy DeHakis for Appellant, Ms. Campbell. On behalf of Ms. Campbell, I do want to thank the Court for the opportunity to present her appeal. This appeal asked the Court to review whether the Veterans Court applied the correct legal standard when it found that no CUE in a 2009 VA decision that rated Ms. Campbell's disability but did not also adjudicate a TDIU rating. The rule of law from Roberson is that if a sympathetic review of the record shows there is evidence of unemployability, VA must also adjudicate a TDIU rating while it is rating the disabilities. The Board did not do this. I would like to turn the Court's attention to page 90 of the appendix, the bottom of the first full paragraph, the first part of that second paragraph, and then the end of that second paragraph. The Board says that first, it finds that reasonable minds could have differed on to whether a TDIU, whether the Veterans submitted evidence of unemployability, but then it supports that with two findings that show it had misapplied Roberson. First it says there was no clear and unmistakable evidence that the Veteran raised a claim for a TDIU. And then at the very bottom, the last sentence of that second full paragraph, as the evidence did not undebatably establish the issue of a TDIU was inferred, it is not absolutely clear that they would have granted the benefit. That is not the standard for Roberson. Again, Roberson says that once a Veteran submits evidence of a medical disability and makes a claim for the highest rating possible and additionally submits evidence of unemployability, the identity to identify the benefit sought requirement is met and VA must consider TDIU. This is done with a sympathetic review for evidence of unemployability and not, as the Board said, for clear and unmistakable evidence or undebatable evidence that TDIU was raised. I want to make sure I'm following you. There was already one remand to the Board here on the TDIU claim, right, because initially the Board said there needs to be clear and unmistakable evidence on the merits that she would be entitled to TDIU and the Veterans Court and the Board have already corrected that error, right? Correct, Your Honor. Yes. So the Board opinion you're now directing us to is the correct one. It's the one that led to the Veterans Court decision that is before us now? Correct, Your Honor. Yes. What do you do about our, and I don't know how to pronounce it, but the SZEMRAJ case, Svesraj 357 F3rd, I'm sure you're familiar with it, where we said our decision in Roberson did not change the well-established legal standard for determining the existence of TDIU in decisions, including for a TDIU claim. Is your argument not inconsistent with what we said there? Not at all, Your Honor. What the veteran was trying to do in that case, Svesraj, if you look on page 1375 of that decision, the appellant was asking for further evidence development and the court here said, excuse me, in his opening brief, the appellant urged that this was cued because the agency had a duty under Roberson to further develop the evidence before deciding his claim. And this court said, however, apart from the requirement that the veteran's pleadings to be read sympathetically, Roberson did not change a well-established legal standard. So what SZEMRAJ was trying to do was read into Roberson a requirement that the VA should further develop evidence and this court, as I understand its ruling, discarded that argument entirely. But it didn't change anything about Roberson. And again, what Roberson held was that the board is to do a sympathetic review of the for evidence of unemployability, not clear and unmistakable evidence that she had raised or inferred a claim for a TDIU rating. It's simply evidence of unemployability while they're rating the claim. And the error, the clear and unmistakable error is that they didn't do that and the manifestly different outcome, as I understand Roberson, is that the veteran is then entitled to a decision on the TDIU rating. Let me just take a step back and have you also address our jurisdiction here. In particular, when you've been talking about and sometimes looking at the briefing, I could see it potentially as an application of law to the facts here. So can you just tell me why we have jurisdiction before we then potentially continue to address the merits as you do it? Yes, Your Honor. So we are not asking this court to look at whether the record reasonably raised. What we're asking this court to do is look at the legal standard, the lens through which the board assessed and made their finding and find that it is inconsistent with Roberson. Again, just going back to what the board said in its decision, it supported its finding by additional findings that there was no clear and unmistakable evidence or that it was undebatable. Those are much too high a standard under Roberson, which only requires that there be evidence of unemployability based on a sympathetic review. The board did apply Roberson. The Veterans Court said it applied Roberson, so why isn't what you just said in response to Judge Cunningham pleading you out of our jurisdiction? You just don't like the way Roberson was applied to the facts of this case. Well, I think, Your Honor, that the board said they applied it, and the court didn't really analyze what the board actually said in its decision. But the standard that they used, the standard that they required Ms. Campbell to overcome was not consistent with Roberson, and so the legal rule that they applied, regardless of the outcome, is wrong, and that's what we're attacking with this appeal, and that's frankly what we asked the Veterans Court to look at, and their decision, unfortunately, just kind of hand-waved it and said they cited to it, they cited the correct rule, but they didn't look at whether what the board did actually applied the rule correctly. They just made, we think, well, I don't know, I don't want to say what the Veterans Court did, but it's clear to us that they affirmed the incorrect application of Roberson by allowing the board to say that Ms. Campbell needed to show clear and unmistakable evidence that TDIU was raised. For this case to be within our jurisdiction, do we have to say the board did not actually apply Roberson, even though it said it did? I think so, Your Honor, yes. Because if we instead say this is just a dispute over how it applied Roberson, that seems like it's outside of our jurisdiction. Yes, Your Honor, and that distinction, I understand, is very fine, but that's clearly what, well, that's what we're asking the court to do, is to look again at what the board actually did, not what they said they did, and how they supported their finding that it was not reasonably raised is much higher, much too high a burden as Roberson requires. I mean, Roberson, as you know, is cited in the prior paragraph on Appendix page 90. So I'm a little uncomfortable, as you've been arguing, that we have to say, although they said they did it, they didn't actually do it. I guess I need a little bit more on that in response to the question that Judge Stark posed to you. So I think, to hopefully help you, Your Honor, is, again, looking specifically at what the board did, and here it's evident that they were requiring her, Ms. Campbell, to present or show clear and unmistakable evidence that a TDIU was raised. That is not what Roberson says. The clear and unmistakable error, excuse me, is an error of fact or law that causes a manifestly different outcome. And what Roberson says is that there's never a mention of clear and unmistakable evidence or undebatable evidence, which is really two sides of the same coin. The clear and unmistakable terminology is to the error. And so the error is clear and unmistakable, it's manifest, it's evident. The error here was that if there is evidence of unemployability that we see based on a sympathetic review, then a clear and unmistakable error has occurred. And what the board is doing is injecting the clear and unmistakable term into the requirement for the evidence when that's just not, frankly, it's not part of the Q review, but it's certainly not a part of what Roberson requires. And so what the board has done here is misapplied Roberson, again, by requiring undebatable evidence or clear and unmistakable evidence that TDIU was raised. And with respect to relief, I know that in our opening brief, we talked about reversal, but in our reply brief, we walked that back a bit and I do think that the board should be ordered to do this all over again, using the correct standard, again, looking at whether a sympathetic review shows evidence of unemployability, not clear and unmistakable evidence that she raised TDIU. If there are no other questions, I'll reserve the room. Don't go anywhere yet. Yes, ma'am. Sorry. Do you agree that Ms. Campbell's claim is based upon the idea that the regional office's 2009 rating decision was the product of Q? I'm just trying to figure out where Q fits into the larger picture. Yes, Your Honor. So the decision that was in error was the 2009 AOJ's decision. And the error, again, under Roberson is that if there's evidence of unemployability, the VA must adjudicate TDIU as part of the assignment of the rating. There they assigned a 70% rating for her PTSD. The allegation is that there was also evidence of unemployability and Roberson says if that's true, under the correct standard, which again, we don't think the board used the correct standard, then the manifestly different outcome becomes she gets a decision that she should have gotten in 2009 on whether she was unemployable. We will save the remainder of your time for rebuttal. Thank you, Your Honor. Mr. Faulkner. May it please the court. The Veterans Court has already addressed this case twice and ensured that Roberson was correctly applied. I'll address the issues that were just discussed in order. I'll start with their reasonable minds. That argument was raised first in the reply brief and has been waived. This court's precedent holds that any decision that is made in the case of a veteran's not raised in an opening brief are waived. So the discussion about Samraj and conflating Q and Roberson was not included in our brief because that was, like I said, raised for the first time in reply. Now, if the United States had a chance to reply, we would argue that the board substantially complied with the Veterans Court's instructions on remand, which was to apply Roberson by sympathetically reading the filings to determine whether an informal claim for a TDIU had been raised, which is exactly what the board did at some length. It's much more than lip service that was applied to that case. There was discussion of Appendix 90, but I read the board's opinion and started Appendix 88, looking through all of the evidence, looking through the medical examination, looking through the Vet Center records, and examining Ms. Campbell's statements to determine whether there was evidence of unemployability, in which case the board would have addressed entitlement. The board didn't reach that because they found there was no evidence of unemployability. But like I said, these arguments are arguments that we didn't raise in our briefs because this citation to the reasonable minds could differ was first raised in the reply brief. The opening brief, I think, and this gets to the jurisdictional discussion, the opening brief pretty clearly attacks the board's first decision. I think on page 6 and 8, it goes after the board's first decision and says, essentially, they required entitlement, which is incorrect. And the Veterans Court recognized, and Judge Stark, you said this as well, the Veterans Court's decision is incorrect. You don't have to demonstrate entitlement to raise an informal claim. You just have to have evidence of unemployability. So that mistake was fixed. The opening brief also asked for a remand, reverse and remand, so that the claim for a TDIU could be adjudicated. But that presumes, of course, that it was actually raised. So that does raise an issue of fact or an issue of fat to law in that the application, whether an application contains an informal claim for a TDIU, that's a factual determination typically. So is your primary argument that we lack jurisdiction? Your Honor, yes. With respect to the opening brief, I think the court could very well address this case by saying we lack jurisdiction to address the arguments that were actually raised in the brief. Any additional arguments raised in a reply have been waived because they weren't asserted in the opening brief. But yes, I think those opening arguments in the Ponce opening brief, there's no jurisdiction to determine whether the application actually raised an informal claim. The board made those factual determinations. The Veterans Court reviewed them under the APA standard of review. And now this court doesn't have jurisdiction to do the similar review. I think the formulation that your friend on the other side agreed to is if the question is whether the board actually applied Roberson, that's a question of law that would be within our jurisdiction. But if the issue on appeal is how it applied Roberson, it did apply it, but we have a dispute about how it applied it. That's law to fact. And we don't have jurisdiction. Would you agree with that formulation? Yes, Your Honor, I would agree with that. I think if the incorrect legal standard were to apply, that would be something that this court would have jurisdiction over. So I don't think there's jurisdiction to consider whether the board correctly decided that there was no informal claim for TDIU. But there will be jurisdiction, for example, if this court wanted to address, was there an error in applying Roberson by not addressing entitlement when there was no informal claim? That could be a legal issue. And the answer is no, there's no error because there's no claim to address. Here, if I see the question presented as, did the board apply Roberson, that would be within my jurisdiction to review. And would you say, I just go to pages 88 to 90 or thereabouts and say, well, this question is fairly easy to answer. The board cites Roberson repeatedly, seems to be applying it. I think that's a very reasonable way to resolve that question. And then the Veterans Court review, of course. And I think the other side I have in the board's decision would be Appendix 83, when it references the Veterans Court's instruction in Roberson of what exactly is required to do, which is look for evidence of unemployability to see if that claim has been reasonably raised by the evidence. Then just walking through real quick the evidence that the board addressed on those pages 88 to 90, the board found that the informal claim wasn't raised because Ms. Campbell, she had just been discharged from service and stated that she was looking for work. Ms. Campbell stated that she believed that she hadn't found work yet because of a pregnancy. And Ms. Campbell, at her C&P examination, denied that PTSD had caused her unemployment. In addition to Ms. Campbell's statements, you have the opinion of the medical examiner who stated that, who opined at least, that Ms. Campbell's PTSD did not result in total occupation or social impairment. And then the final piece of evidence the board would have walked through is the Vet Center records. Ms. Campbell visited a Vet Center and they had assisted Ms. Campbell in applying for jobs and preparing for interviews. So the board looked at all of this evidence and even under sympathetic review, it determined that there was no informal claim that had been raised because there was no evidence of unemployability. If there's no further questions, we respectfully request the court affirm. Thank you, counsel. Mr. Dohakis. Thank you, your honor. I'll start with waiver. Page 9 of our opening brief, Ms. Campbell argues, citing to page 89 to 90, it was on this basis that the board concluded there was no clear and unmistakable evidence that Ms. Campbell raised a TDIU in 2009. Again, going back to appendix 90. And then the rule of law in Roberson does not require her to prove clear and unmistakable evidence, there's a typo there, that she raised a claim for TDIU. So this is the argument that we presented in our opening brief. And of course, we elaborated a bit on in our reply brief. With respect to jurisdiction, as we cited in our reply brief, in response to the secretary's argument, Moody is essentially the same kind of issue as we have here. Page 1310 of that decision, the veteran was not required to show, as the veterans court suggested, that the evidence undebatably established that an informal claim was filed prior to 1994. That's pretty much the same language as the board uses here, where it found that Ms. Campbell did not, that record did not undebatably show an informal claim for TDIU was raised. Moody found that that was the wrong legal standard. It's also the wrong legal standard here. And those are the only points that I had. If there are no other questions, then we ask the court to at least set aside and remand for the correct legal standard.